People v Davis (2024 NY Slip Op 03545)

People v Davis

2024 NY Slip Op 03545

Decided on June 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 27, 2024

Before: Moulton, J.P., Friedman, Kapnick, Shulman, Michael, JJ. 

Ind. No. 1367/16 Appeal No. 2572 Case No. 2018-03581 

[*1]The People of the State of New York, Respondent,
v
Abdul Davis, Defendant-Appellant.

The Feinman Law Firm, White Plains (Steven N. Feinman of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Robert Butlien of counsel), for respondent.

Judgment, Supreme Court, New York County (Mark Dwyer, J.), rendered April 16, 2018, as amended August 9, 2018, convicting defendant, after a jury trial, of criminal sale of a firearm in the first degree, criminal possession of a weapon in the second degree (28 counts), criminal sale of a firearm in the third degree (80 counts), criminal possession of a weapon in the third degree (6 counts), and conspiracy in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of 25 years, unanimously affirmed.
Defendant's application pursuant to Batson v Kentucky (476 US 79 [1986]) was properly denied on the ground that defendant did not make out a prima facie case of discrimination. His numerical argument, without more, was insufficient to satisfy his initial burden (see People v Brown, 97 NY2d 500, 507-508 [2002]; People v Guardino, 62 AD3d 544, 545-546 [1st Dept 2009], affd 15 NY3d 625 [2010], cert denied 563 US 947 [2011]). The court also properly determined, as an alternative ruling, that the People proffered facially race-neutral reasons for their peremptory challenges to the two prospective black male jurors (see People v Allen, 86 NY2d 101, 109 [1995]). The People explained that one juror had fallen asleep during the proceedings and that, as to the other, they consistently strike jurors who are unemployed. The reasons provided by the People "need not rise to the level for sustaining a challenge for cause" (id.).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 27, 2024